IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DENNIS MURPHY, as Personal Representative
of THE ESTATE OF ANGELICA BACA, and
JAMES DALLAS WICKER, as parent and
guardian of J.D.B., and as guardian of R.C.B.,

      Plaintiffs,

v.                                                No. 1:21-cv-00211-MLG-SCY

CALVIN COOPER and
THE UNITED STATES OF AMERICA,

      Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

      This matter is before the Court upon Defendant United States of America's Motion to Dismiss and Motion for Summary Judgment, filed April 6, 2022. Doc. 32. The Motion seeks dismissal of the loss of consortium claims and summary judgment on the negligence claim brought by Plaintiffs, the Estate of Angelica Baca ("the Estate") and Baca's children, J.D.B. and R.C.B. ("Minor Plaintiffs"). Following briefing and a motion hearing on the issues, the Court concludes that Minor Plaintiffs did not satisfy the statutory prerequisites necessary to comply with the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680, prior to filing suit, and the Court is without subject matter jurisdiction to hear those claims. *See* Fed. R. Civ. P. 12(b)(1). The Court grants the United States' motion to dismiss as to the loss of consortium claims. The Court grants the United States' motion for summary judgment as to Plaintiffs' negligence claim because the Amended Complaint, Doc. 27, does not relate back to the Original Complaint, Doc. 1. *See* Fed. R. Civ. P. 15(c).

1

## BACKGROUND

I. **Relevant factual history**

On March 23, 2019, Calvin Cooper was driving down Louisiana Boulevard at a high rate of speed after leaving Kirtland Air Force Base. Doc. 27 at 2. Cooper attempted to pass another vehicle and struck Baca as she was crossing Louisiana Boulevard on foot. *Id*. Baca died as a result of the collision. *Id*.

Exactly one year later, on March 23, 2020, Baca's Estate submitted a "Claim for Damage, Injury or Death," or a Standard Form 95 ("SF-95"), and a supplemental letter ("Claim Letter") to the United States Air Force. *See* Doc. 33-2; 33-3. The Estate claimed that the Air Force did not properly mark the drive path on Louisiana Boulevard during construction and that these conditions were a contributing factor in Baca's death. *Id.* On October 8, 2020, the Air Force sent the Estate a letter denying the claim. *See* Doc. 33-4. That correspondence advised the Estate it could "file suit in an appropriate United States District Court not later than six months after the date of the mailing of this letter." *Id*.

On March 10, 2021, Plaintiffs filed their Original Complaint in the United States District Court for the District of New Mexico. Doc. 1. That pleading raised various causes of action including, inter alia, claims for negligence against the Air Force and loss of consortium on behalf of Minor Plaintiffs. *Id.* at 3-5. The Estate did not timely serve the Air Force and on June 14, 2021, the Court issued an Order to Show Cause, Doc. 3, noting that Plaintiffs had not yet served Defendants in accordance with Federal Rule of Civil Procedure 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time."). Plaintiffs responded to the Order to Show Cause explaining that software updates and difficulties locating Cooper had

resulted in delayed service. Doc. 4 at 1. The Court subsequently extended the Rule 4(m) period by sixty days (until September 7, 2021). Doc. 5.

Later that same summer, on July 8, 2021, Plaintiffs attempted (erroneously) to serve the Air Force by leaving a copy of the Complaint and summons with a desk sergeant at Kirtland Air Force Base. Docs. 6, 7. When the Air Force did not answer or otherwise respond to that filing, the Magistrate Judge set the matter for a status conference. Doc. 20. Thereafter, in a limited entry of appearance, the Assistant United States Attorney ("AUSA") told the Court that the Air Force had not been served with the summons and Complaint pursuant to Federal Rule of Civil Procedure 4(i)(1)(A)(ii) and (B), and that Plaintiffs had failed to mail service to the agency as Rule 4(i)(2) requires. Doc. 23 ¶ 3. The AUSA alleged additional procedural errors. She claimed that Plaintiffs failed to include a copy of the summons in their mailing to the United States Attorney's Office for the District of New Mexico ("USAO"), and that the USAO received only a copy of the Complaint and a cover letter dated September 24, 2021. Doc. 23 ¶ 1. The Attorney General was mailed the Complaint and the cover letter, but again no summons was included. *Id.* There is no indication that the USAO or the Attorney General were served before September 7, 2021.

On November 29, 2021, Plaintiffs filed an unopposed motion to amend their Original Complaint. *See* Doc. 25. The sole purpose of the amendment was to substitute the United States as the proper defendant in place of the Air Force. *Id.* ¶¶ 2, 4. The Court granted the motion the next day. Doc. 26. Plaintiffs filed their Amended Complaint on January 17, 2022. Doc. 27. The Amended Complaint alleges the same claims for relief as the Original Complaint. *Compare* Doc. 1 *with* Doc. 27.

3

Then, on February 7, 2022, Plaintiffs finally served the USAO. Doc. 30.[1] In lieu of an answer, the United States filed the instant motion which raises the following four arguments: (1) Plaintiffs' claims for loss of consortium should be dismissed because those claims were not submitted with the pertinent administrative claim pursuant to 28 U.S.C. § 2675(a) of the FTCA; (2) summary judgment should be entered on Plaintiffs' negligence claims against the United States because they failed to timely assert FTCA claims against the United States;[2] (3) Plaintiffs' demands for punitive damages and prejudgment interest should be dismissed insofar as those damages pertain to pending FTCA claims; and (4) Plaintiffs' demand for a jury trial should be stricken.[3] Doc. 32 at 1. These matters are addressed in turn below.

## ANALYSIS

### I. The Motion to Dismiss

#### A. Legal Standard

"The FTCA gives federal district courts jurisdiction over claims against the United States for money damages 'for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or

---

[1] This was almost ten months beyond the FTCA statute of limitations.

[2] The United States also argues for summary judgment as to Plaintiffs' loss of consortium claim. Doc. 32 at 13-18. Because the Court concludes the loss of consortium claim was not properly noticed by Minor Plaintiffs and should be dismissed, *see infra* Analysis Section I, the Court only considers the possible relation back of Plaintiffs' negligence claim under Count II.

[3] The parties agree that Plaintiffs' demands for punitive damages, prejudgment interest, and a jury trial should be dismissed. Doc. 32 at 20-21; Doc. 35 at 9 (withdrawing such demands). Under 28 U.S.C. § 2674, the United States "shall not be liable for interest prior to judgment or for punitive damages." Further, an action under the FTCA "shall be tried by the court without a jury." 28 U.S.C. § 2402.

omission occurred.'" *Sheridan v. United States*, 487 U.S. 392, 398 (1988) (quoting 28 U.S.C. § 1346(b)). However, "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies," as provided by 28 U.S.C. § 2675(a).[4] *McNeil v. United States,* 508 U.S. 106, 113 (1993). Specifically, the relief afforded to a plaintiff who sues under the FTCA is conditioned on satisfying the administrative notice requirements, including the provision of "(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." *Lopez v. United States*, 823 F.3d 970, 976 (10th Cir. 2016) (quoting *Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 852 (10th Cir. 2005)). These notice requirements are jurisdictional and cannot be waived. *Trentadue*, 397 F.3d at 852; *see also* 28 U.S.C. § 1346(b).

### B.    The loss of consortium claims were not sufficiently noticed.

The Estate submitted a SF-95 and the Claim Letter to the Air Force on March 19, 2020.[5] Docs. 33-2; 33-3. Those documents graphically describe the injuries resulting in Baca's death but are silent regarding loss of consortium claims or the value of those claimed damages. *Id*. Plaintiffs do not dispute this point. Indeed, they concede, "The narrative response in Box 10 refers only to . . . Baca's bodily injuries and does not mention any injuries suffered by Minor Plaintiffs as a result of her death such as loss of consortium." Doc. 32 ¶ 8 (admitted in Doc. 35 ¶ 3). Plaintiffs also admit that Minor Plaintiffs are "not listed as claimants or mentioned anywhere on the SF-95," as Section 2675(a) requires. Doc. 38 ¶ 6 (admitted in Doc. 35 ¶ 1). Thus, there is no dispute that

---

[4] Section 2675(a) provides that "[a]n action shall not be instituted upon a claim against the United States for money damages for . . . personal injury or death . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and [the] claim shall have been finally denied by the agency in writing."

[5] The SF-95 identifies "Angelica Baca (deceased)" as the sole claimant. Doc. 33-2 at 1.

Minor Plaintiffs failed to file a written statement describing their injuries or claimed damages sufficient to meet the requirements of 28 U.S.C. § 2675(a).[6]

Notwithstanding these deficiencies, Plaintiffs argue that the loss of consortium claim is derivative of the Estate's wrongful death claim as detailed in the SF-95, and for this reason, a separate claim is not necessary. Doc. 35 at 4. But this position is inconsistent with New Mexico law. Loss of consortium constitutes a standalone cause of action that is separate from a wrongful death claim. *See State Farm Mut. Auto. Ins. Co. v. Luebbers*, 2005-NMCA-112, ¶ 37, 138 N.M. 289, 119 P.3d 169 ("[U]pon the death of a parent, a minor child may pursue a separate claim for loss of parental consortium outside of a wrongful death action."). And other courts in this district have rejected similar claims. *See Skeet v. United States*, No. CIV-10-010-RB/WDS, 2012 WL 12884644, at *3 (D.N.M. Jan. 23, 2012) (concluding court lacked subject matter jurisdiction over loss of consortium claim because the administrative claims did not mention loss of consortium or request personal injury damages); *Dukert v. United States*, Civil No. 14-506 WJ/WPL, 2016 WL 10721258, at *5-7 (D.N.M. Jan. 5, 2016) (dismissing loss of consortium claim where plaintiff filed a SF-95 individually and as a personal representative but only included damages for wrongful death); *McNeese v. United States*, No. 1:17-cv-01164 KWR/KK, 2020 WL 365038, at *3 (D.N.M. Jan. 22, 2020) (dismissing claim because plaintiff failed to include a sum certain claims for personal injury damages for loss of consortium). Plaintiffs provide no convincing reason to depart from this authority.

Plaintiffs also contend that the United States was on notice that Minor Plaintiffs suffered from the loss of Baca's guidance and counseling. Doc. 35 at 5. It is true that the "loss of guidance

---

[6] There is no evidence the Estate sought to amend the claim to include Minor Plaintiffs, and the parties do not dispute that Minor Plaintiffs did not file their own claim.

and counseling by a minor child [constitutes] a *pecuniary injury* under the [Wrongful Death] Act." *Romero v. Byers*, 1994-NMSC-031, ¶¶ 5, 26, 117 N.M. 422, 872 P.2d 840 (emphasis added); *see* UJI 13-1830 NMRA (allowing damages for the loss of guidance and counseling of decedent's children). Thus, a child may "recover his or her statutory fraction of the total recovery in the wrongful death action (without regard to the particular loss suffered by the child)." *Otero v. City of Albuquerque*, 1998-NMCA-137, ¶ 4, 125 N.M. 770, 965 P.2d 354. But whether children of a decedent may bring a standalone cause of action to recover for the loss of a parent's guidance and counseling remains unsettled.[7] Regardless, the Court need not take up the issue here. This claim was not alleged in the Amended Complaint, and Minor Plaintiffs have not properly asserted an independent and separate loss of guidance and counseling claim.

    In sum, the Court discerns no basis to conclude that Minor Plaintiffs' loss of consortium claims and/or standalone claims for loss of guidance and counseling were sufficiently presented to the United States prior to the filing of this case; Plaintiffs failed to identify Minor Plaintiffs as claimants in the administrative filing and Minor Plaintiffs failed to file an administrative claim on their own behalf. The period for filing a claim with the Air Force has now passed. *See* 28 U.S.C. § 2401(b) (requiring a claim be filed "within two years after such claim accrues"). Because Minor Plaintiffs failed to administratively exhaust their remedies prior to filing their loss of consortium claims, the Court lacks subject matter jurisdiction over Count III.

---

[7] *Otero*, 1998-NMCA-137, ¶ 4 ("[W]e first emphasize . . . we are not deciding . . . the proper procedure for a child to bring a claim of loss of guidance and counseling arising from the wrongful death of a parent.").

## II.     The Motion for Summary Judgment

### A.     Legal Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A defendant may use a motion for summary judgment to test an affirmative defense which entitles that party to a judgment as a matter of law" and "must demonstrate that no disputed material fact exists regarding the affirmative defense asserted." *Hutchinson v. Pfeil*, 105 F.3d 562, 564 (10th Cir. 1997). If the defendant meets their burden, then for the plaintiff to "defeat a motion for summary judgment," the plaintiff "need only identify a disputed material fact relative to the affirmative defense." *Hamric v. Wilderness Expeditions, Inc.*, 6 F.4th 1108, 1122 (10th Cir. 2021) (emphasis omitted). Where, as here, a defendant invokes the expiration of the operative statute of limitations as an affirmative defense, *see* Fed. R. Civ. P. 8(c)(1), they bear "the burden of demonstrating that there is no material fact in dispute on the issue of whether the statute of limitations bars the claim." *Robert L. Kroenlein Tr. ex rel. Alden v. Kirchhefer*, 764 F.3d 1268, 1274 (10th Cir. 2014); *see, e.g.*, Doc. 32 at 9 n.7. If the plaintiff fails to identify a material fact relative to the issue of relation back, "the affirmative defense bars [their] claim, and the defendant is then entitled to summary judgment as a matter of law." *Hutchinson*, 105 F.3d at 564.

### B.     The Amended Complaint does not relate back under Rule 15(c).

The United States seeks summary judgment on Plaintiffs' FTCA claim for negligence (Count II) arguing it was untimely filed, thereby using the FTCA statute of limitations as an affirmative defense. Doc. 32 at 9 n.7, 13-18. In response, Plaintiffs argue the Amended Complaint relates back to the Original Complaint despite the defects in service. Doc. 35 at 5-7. Plaintiffs argue the United States received actual notice of their claims when it received the SF-95 and Claim Letter, so it would not be prejudiced in defending against the negligence action. *Id.* at 8.

"Federal Rule of Civil Procedure 15(c) 'governs when an amended pleading "relates back" to the date of a timely filed original pleading'; when it does relate back, the amended pleading itself is 'timely even though it was filed outside an applicable statute of limitations.'" *Barker v. Utah Dep't of Env't Quality*, No. 21-4024, 2022 WL 259955, at *2 (10th Cir. Jan. 28, 2022) (quoting *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 541 (2010)). An amended pleading may relate back to the date of the original pleading if it meets the provisions of either Rule 15(c)(1) or (c)(2). "As a general rule, amendments will relate back if they amplify the facts previously alleged, correct a technical defect in the prior complaint, assert a new legal theory of relief, or add another claim arising out of the same facts." *Sedillo Electric v. Colo. Cas. Ins. Co.*, No. 1:15-cv-01172 RB/WPL, 2016 WL 7437150, at *4 (D.N.M. May 10, 2016).

1. **Rule 15(c)(1)(C): the general notice provision**

Although Rule 15(c)(1) provides a variety of circumstances in which an amended pleading will relate back to an original complaint, the Court first narrows its focus in these proceedings to Rule 15(c)(1)(C).[8] For Rule 15(c)(1)(C) to be satisfied, four factors must be met. *Johnson v. U.S. Postal Serv.*, 861 F.2d 1475, 1479 (10th Cir. 1988), *cert. denied*, 493 U.S. 811 (1989). First, the claims against the United States must have arisen from the same transaction as the Original Complaint. Rule 15(c)(1)(B). Second, the United States must have received timely notice of the action such that it will not be prejudiced in maintaining its defense. Rule 15(c)(1)(C)(i). Third, the

---

[8] While Rule 15(c)(2) might be the most obvious avenue for relation back in this case, it is not the only method for relation back. "Rule 15(c)(2) [does not] operate as the exclusive method of complying with Rule 15(c)(1)(C)(i) and (ii) when the United States is added as a defendant by amendment." *Davis v. United States*, No. 12-CV-01060-MSK-MJW, 2014 WL 4783220, at *2 n.2 (D. Colo. Sept. 25, 2014). Instead, "[t]he plain text of the Rule suggests that 15(c)(2) merely offers *one* method of proving compliance with Rule 15(c)(1)(C)(i) and (ii)." *Id.* (emphasis added); *see also Knott v. Donahoe,* No. 3:11-CV-00256-CWR-FKB, 2011 WL 6399920, at *3-6 (S.D. Miss. Dec. 20, 2011); *Ikelionwu v. Nash,* Civil No. 06-625 (RBK), 2008 WL 762864, at *3-5 (D.N.J. Mar. 19, 2008). The Court follows the same reasoning.

United States knew or should have known that it would have been a party absent a mistake by the Plaintiffs. Rule 15(c)(1)(C)(ii). And fourth, the second and third factors must have been satisfied within the Rule 4(m) period for service. *Johnson*, 861 F.2d at 1479.

### a. Same transaction

There is no dispute that the Amended Complaint satisfies Rule 15(c)(1)(B)—the negligence claim against the United States in the Amended Complaint plainly relates to the claim set forth in the Original Complaint.

### b. Notice and prejudice

The parties dispute the second factor—whether the United States received timely notice. In considering the matter, the Court is guided by Tenth Circuit law instructing that "it is *notice* and not service that Rule 15(c) requires." *Gilles v. United States*, 906 F.2d 1386, 1390 (10th Cir. 1990) (emphasis in original) (internal quotation marks omitted). Thus, the central question to the resolution of this second factor is whether Plaintiffs provided the United States "notice" for purposes of Rule 15.

Notice may take two forms: actual or constructive. "To show actual notice, plaintiff must demonstrate [the defendant] received notice of plaintiff's complaint" within the Rule 4(m) period. *Arnold v. City of Olathe, Kan.*, Case No. 18-2703-CM, 2020 WL 136853, at *3 (D. Kan. Jan. 13, 2020). "Actual notice does not necessarily mean service of process but requires the plaintiff to establish that the newly added defendant knew of the action within the 90 days provided under Rule 4(m)." *Hardy-roy v. Shanghai Kindly Enters. Dev. Grp. Co.*, No. 20-cv-00373-NYW, 2021 WL 229282, at *4 (D. Colo. Jan. 22, 2021). By contrast, in the case of constructive notice, "knowledge of the incidents that may give rise to suit" may be sufficient "if the court determines that the party should have known or realized that the party would be a proper defendant." 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure §

1498.1, at 147 (3d ed. 2010). For example, a party may have constructive notice if the new defendant is represented by the same counsel, works for the same institution, or fills the same role as a previously named defendant. *Estate of Roemer v. Shoaga*, No. 14-cv-01655-PAB-NYW, 2017 WL 1190558, at *6-7 (D. Colo. Mar. 31, 2017); *see Krupski*, 560 U.S. at 548 (relying in part on common counsel between entity originally sued and prospective defendant to find constructive knowledge); *Johnson*, 861 F.2d at 1481 (discussing the "identity-of-interest exception"); *Ennis v. HCA Health Servs. of Okla.*, No. CIV-04-682-D, 2008 WL 2510101, at *4 n.3 (W.D. Okla. June 17, 2008) ("The requisite notice of an action can be imputed to a new defendant through its attorney who also represented the party or parties originally sued.") (collecting cases).

Following the denial of the administrative claim, Plaintiffs filed suit in district court on March 10, 2021. Doc. 1. Per Rule 4(m), Plaintiffs were permitted until June 8, 2021, to serve their Complaint. As explained above, Plaintiffs missed that deadline, Doc. 3, and the presiding Magistrate Judge extended the service period until September 7, 2021. Doc. 5. While Plaintiffs left a copy of the Complaint and summons with a desk sergeant at Kirtland Air Force Base on July 8, 2021, Docs. 6, 7, neither the USAO nor the Attorney General were served.

On September 24, 2021, Plaintiffs requested an extension of the meet-and-confer deadline because the Air Force had not responded to the Complaint and an attorney had not entered their appearance in the case. Doc. 17. As part of their request, Plaintiffs noted for the first time that "[c]opies of the [s]ummons have been sent to the U.S. Attorney and Attorney General." *Id.* at 1. As of October 5, 2021, no attorney for the Air Force had entered an appearance. Doc. 20 at 1. The Magistrate Judge directed "a representative of the United States to appear at the [October 21, 2021,] status conference," or "enter a limited appearance" if the United States believed Plaintiffs'

11

service on the Air Force was improper. *Id.* at 1-2. The USAO complied and subsequently entered a limited appearance. *See* Doc. 23.

Based on this timeline, the earliest date on which the United States could have received actual notice of this litigation is on or about September 24, 2021 (and no later than October 6, 2021, the date on which the Court clerk notified the USAO of the status conference in the case). But service was not effectuated by that date and the United States had no indication the Plaintiffs mailed the Complaint or otherwise notified the United States of the lawsuit. To the contrary, the United States has represented that the USAO first received a copy of the Original Complaint on September 29, 2021—a point the Plaintiffs do not dispute. Consequently, the United States received neither actual nor constructive notice of this suit by the service deadline.

    **c.**    **Knowledge**

Next, the Court looks to Rule 15(c)(1)(C)(ii), which addresses whether the United States knew or should have known this FTCA action would have been brought against it but for Plaintiffs' mistake concerning the proper defendant's identity. *See Krupski*, 560 U.S. at 541 (holding district courts should consider the added party's knowledge, not the amending party's knowledge or timeliness). Again, largely for the reasons discussed above, the United States did not have knowledge of this litigation. The United States became aware of the instant suit only after the service deadline. Doc. 23 ¶ 1. And while there is no dispute the Air Force was on notice of Plaintiff's claims, that fact is immaterial. The Tenth Circuit has declined to impute a United States agency's actual knowledge of suit to the United States itself. *See Johnson*, 861 F.2d at 1480; *see also Allen v. Veterans Admin.*, 749 F.2d 1386, 1389 (9th Cir. 1984) (holding that notice to the agency cannot be imputed to the United States). Accordingly, the Court concludes the United States lacked knowledge of the pendency of the case within the Rule 4(m) period.

### 2. Rule 15(c)(2): the special government notice provision

When the United States "is added as a defendant by amendment, the notice requirements of Rule 15(c)(1)(C)(i) and (ii) are satisfied if," during the Rule 4(m) period, "process was delivered or mailed to the United States attorney or . . . to the Attorney General of the United States." Fed. R. Civ. P. 15(c)(2). While Rule 15 does not define "process," it is generally understood the term "mean[s] a copy of the summons and complaint." *Silbaugh v. Chao*, 942 F.3d 911, 914 (9th Cir. 2019) (citing *Miles v. Dep't of the Army*, 881 F.2d 777, 782 (9th Cir. 1989)); *cf.* Fed. R. Civ. P. 4(c)(1). Thus, to meet the terms of Rule 15(c)(2), Plaintiffs must show they delivered or mailed process to the USAO or the Attorney General sometime between March 10, 2021, and September 7, 2021. As explained above, Plaintiffs failed to do so—they mailed only the Complaint to the USAO on September 29, 2021. Doc. 23 ¶ 1.[9] But even if the Court assumes a copy of the summons was included with that correspondence (a fact not in the record), Rule 15(c)(2) was still not satisfied because process was not timely delivered to the United States. Fed. R. Civ. P. 4(i), (m); Doc. 23 ¶ 5.

### II. The Court declines to extend the Rule 4(m) period for service on the United States.

Plaintiffs request the Court grant them additional time to serve the United States. Doc. 35 at 8. In considering whether to grant an extension for service, a plaintiff must show good cause for their failure to serve within the ninety-day period, and "the court must extend time for service for an appropriate period." Fed. R. Civ. P. 4(m). Even without a showing of good cause, the Court may grant a permissive extension of time. *Espinoza v. United States*, 52 F.3d 838, 840-41 (10th

---

[9] There is no docket entry indicating whether the USAO or the Attorney General received these documents, but in the United States of America's Limited Entry of Appearance Regarding Service of Process, Doc. 23, the AUSA noted that the USAO received a copy of the Complaint in the mail on September 29, 2021.

Cir. 1995). Once an amended complaint is filed, the Rule 4(m) period for service begins for only the newly added defendants. *Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1148-49 (10th Cir. 2006).

Following the filing of the Amended Complaint, Plaintiffs served the USAO but not the Attorney General, as required by Rule 4(i)(1)(B). *See* Doc. 30. For Plaintiffs' purposes, the extension of the Rule 4(m) period for service on the United States following the Amended Complaint is irrelevant. Rule 15(c) looks to the Rule 4(m) period for serving an original complaint, not the period for an amended complaint. *See, e.g.*, *Mark v. N. Navajo Med. Ctr.*, 631 F. App'x 514, 515-16 (10th Cir. 2015) (affirming dismissal of amended complaint for lack of good cause and improper service); *Lee v. Airgas Mid-South, Inc.*, 793 F.3d 894, 898 (8th Cir. 2015) (affirming dismissal of amended complaint because added defendant did not have timely notice of action). Even if the Court granted the requested extension, the fact remains that Plaintiffs' Amended Complaint does not relate back to the Original Complaint under either Rule 15(c)(1)—due to the United States' lack of notice—nor Rule 15(c)(2)—due to the untimely service on the USAO. Thus, the Court denies Plaintiffs' request.

## IV. The Court declines to extend supplemental jurisdiction over Plaintiffs' remaining claims.

In a civil action in which the district court has original jurisdiction—such as a federal question under the FTCA, 28 U.S.C. §§ 1331, 1346(a)—a district court "may decline to exercise supplemental jurisdiction over" state law claims so related to the federal civil action if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "[A] district court should normally dismiss supplemental state law claims after all federal claims have been dismissed, particularly when the federal claims are dismissed before trial." *United States v. Botefuhr*, 309 F.3d 1263, 1273 (10th Cir. 2002).

After dismissing Minor Plaintiffs' loss of consortium claims and granting summary judgment on Plaintiffs' FTCA claim against the United States, Plaintiffs' negligence and negligence per se claims against Cooper remain. *See* Doc. 27 at 2-3. The Court concludes Plaintiffs' remaining state law claims against Cooper are better suited for resolution in New Mexico state court and declines to exercise supplemental jurisdiction over them.[10]

## CONCLUSION

The Court holds that Minor Plaintiffs failed to administratively exhaust their loss of consortium claims because the claims were not sufficiently noticed. Further, the requirements of Rule 15(c)(1)(C) and (c)(2) are not met, so Plaintiffs' Amended Complaint does not relate back to the Original Complaint.

It is ordered that the United States' Motion to Dismiss is granted. This Court lacks subject matter jurisdiction to adjudicate Minor Plaintiffs' loss of consortium claims. Pursuant to Rule 12(b)(1), Count III is dismissed without prejudice.

It is further ordered that the United States' motion for summary judgment is granted. Plaintiffs' negligence claim under Count II does not relate back to the Original Complaint under Rule 15(c)(1)(C) or 15(c)(2). Pursuant to Rule 56, Count II is dismissed without prejudice.

It is further ordered that Plaintiff's request for additional time to make service on the United States is denied.

It is further ordered that the Court will not exercise supplemental jurisdiction over Plaintiffs' negligence and negligence per se claims against Cooper. Count I is dismissed without prejudice. 28 U.S.C. § 1367(c); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

---

[10] The Court notes the period of limitations for this case has been "tolled while the claim is pending" and will continue to be tolled "for a period of 30 days after it is dismissed unless [New Mexico] law provides for a longer tolling period." 28 U.S.C. § 1367(d). As such, Plaintiffs may refile their remaining negligence claims in state court.

It is further ordered that Plaintiffs' demands for punitive damages and prejudgment interest are dismissed pursuant to Rule 12(b)(1). *See* 28 U.S.C. § 2674.

It is further ordered that Plaintiffs' demand for a trial by jury is struck. *See* 28 U.S.C. § 2402.

_____
UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA