IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DENNIS MURPHY, as Personal Representative
of THE ESTATE OF ANGELICA BACA, and
JAMES DALLAS WICKER, as parent and
guardian of J.D.B., and as guardian of R.C.B.,

    Plaintiffs,

v.                                                                                                          No. 1:21-cv-00211-MLG-SCY

CALVIN COOPER and
THE UNITED STATES OF AMERICA,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION FOR RECONSIDERATION**

"In limited circumstances, [Federal] Rule [of Civil Procedure] 15(c) saves an otherwise untimely amendment by deeming it to 'relate back' to the conduct alleged in the timely original complaint." *Hernandez v. Valley View Hosp. Ass'n*, 684 F.3d 950, 961 (10th Cir. 2012). Several criteria must be satisfied to meet the rule's strictures, however. Among them is the requirement that notice—whether actual or constructive—be provided to the newly added defendant within the timeframe Federal Rule of Civil Procedure 4(m) allots for serving the summons and complaint. Fed. R. Civ. P. 15(c); *see Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 195 (3d Cir. 2001) (explaining notice may be actual or constructive). The question presented is whether Plaintiffs met this obligation. For a second time, the Court finds they did not. The Court also holds, again, that the United States did not have knowledge of the litigation.

1

BACKGROUND

I.      **Procedural History**

According to Plaintiffs' complaint, Defendant Calvin Cooper was traveling in his vehicle at a high rate of speed near Kirtland Airforce Base. Doc. 1 at 2 ¶¶ 6-7 ("Original Complaint"). While attempting to pass another vehicle, he struck Angelica Baca. *Id.* at 2 ¶ 8. Tragically, she was killed in the accident. *Id.*

Plaintiffs sought a loss of consortium claim on behalf of Baca's children ("Minor Plaintiffs"), damages against Cooper, and asserted a negligence claim against the United States Air Force ("Air Force"). *Id.* at 3-5. Only the last claim is relevant here.

Because Plaintiffs' claims against the Air Force were founded on the Federal Tort Claims Act ("FTCA" or "the Act"), 28 U.S.C. §§ 1346, 2671-2680, they were required to identify the United States as the governmental defendant. But they did not. The Air Force was the sole entity named in Plaintiffs' suit. *See* Doc. 1.

On June 14, 2021, Magistrate Judge Steven C. Yarbrough issued an order to show cause noting that Plaintiffs had yet to serve Defendants in accordance with Rule 4(m). Doc. 3 at 1. In response to that order, Plaintiffs explained their tardiness was a result of software updates at their lawyers' office and difficulties locating Cooper. Doc. 4 at 1. Judge Yarbrough apparently accepted this explanation, and at Plaintiffs' request, he extended the Rule 4(m) deadline to serve by sixty days until September 7, 2021. Doc. 5.

Thereafter, on July 8, 2021, Plaintiffs left a copy of the Original Complaint and summons with a desk sergeant at Kirtland Air Force Base. Docs. 6, 7. What that servicemember did with those documents is unknown, but, as one might expect, the Air Force did not file an answer. *See* Fed. R. Civ. P. 4(i) (identifying the various means to serve the United States, its agencies,

corporations, officers, or employees). Plaintiffs filed an affidavit memorializing their (erroneous) attempt at service. Doc. 6. Judge Yarbrough then issued a scheduling order requiring the parties to meet and confer by September 14, 2021. Doc. 12 at 1. When the Air Force still had not answered the Original Complaint, the Plaintiffs filed a notice requesting additional time to meet and confer with Air Force's counsel, and subsequently (at Judge Yarbrough's direction) moved for a continuance of that deadline. Docs. 14-16.

With the proceedings floundering, Judge Yarbrough set a status conference and ordered "a representative of the United States to appear" or allowed "the United States to enter a limited appearance" if it believed service was improper. Doc. 20 at 1-2. Thereafter, an Assistant United States Attorney ("AUSA") submitted a limited entry of appearance to address service of process. Doc. 23. In that filing, the AUSA noted that Plaintiffs had both named and served the wrong party. *Id*. at 2 ¶ 3. The Government further stated that although Plaintiffs ultimately mailed a copy of their Original Complaint and a cover letter (dated September 24, 2021) to the United States Attorney's Office for the District of New Mexico ("USAO"), they did not include a summons. *Id.* at 1 ¶ 1. Plaintiffs also sent those same documents to the United States Attorney General on September 21, 2024, *id.*, but neither the USAO nor the Attorney General were served or received actual notice of the lawsuit before the extended deadline for service—i.e. September 7, 2021.[1]

Having finally realized they erred in not naming the United States as a defendant, on November 29, 2021, Plaintiffs moved to amend their Original Complaint. Doc. 25. The sole purpose of the amendment was to substitute the United States as the proper defendant in place of the Air Force. *Id.* at 1 ¶¶ 2, 4. The Court granted the motion the next day, November 30, 2021.

---

[1] This assumes that service could be effectuated without the inclusion of the summons.

3

Doc. 26. Despite that quick turnaround, Plaintiffs waited until January 17, 2022, to file their amended pleading.[2] Doc. 27 ("Amended Complaint"). And an additional three weeks passed before Plaintiffs served the Government on February 7, 2022. Doc. 30.

## II.     The Government's Dispositive Motion and the Court's Prior Order

After being named as a party and properly served, the United States filed its combined motion to dismiss and motion for summary judgment. Doc. 32. It noted that the Air Force mailed a letter denying Plaintiffs' administrative claim on October 8, 2020, and that Plaintiffs therefore had until April 8, 2021, to file suit. *Id*. at 14. Based on the facts, the Government argued that Plaintiffs failed to initiate litigation against the United States within the six-month limitations period 28 U.S.C. 2401(b) prescribes, warranting dismissal of the FTCA claims.[3] *Id.* Plaintiffs did not dispute the Government's take on the timeline of events but responded that their Amended Complaint should be construed as relating back to the Original Complaint per Rule 15(c)(2). Doc. 35 at 5-9. Following a hearing on the United States' motion and after taking the matter under advisement, the Court granted the United States' motion for summary judgment. *See* Doc. 48 at 15.

In reaching its decision, the Court took a broad view of Rule 15(c)—one most favorable to Plaintiffs. Specifically, the Court considered both subsection (c)(1)(C)—despite Plaintiffs' lack of argument on this provision—and subsection (c)(2). *See* Doc. 48 at 9 n.8, 9-13. The Court reasoned that because the United States had neither actual nor constructive notice of the suit prior to the expiration of the Rule 4(m) period, the Amended Complaint could not relate back to the Original

---

[2] The new pleading alleges the same claims for relief as the Original Complaint. *Compare* Doc. 1 *with* Doc. 27.

[3] The Court declined to extend supplemental jurisdiction over the state law claims against Cooper per 28 U.S.C. § 1367(d). Doc. 48 at 15.

Complaint under Rule 15(c)(1)(C). *Id.* at 2-4, 11-13. The Court also concluded that Rule 15(c)(2) was not satisfied because Plaintiffs mailed their Amended Complaint to the USAO and Attorney General after the Rule 4(m) period ended. *Id.* at 13. *See* Fed. R. Civ. P. 15(c)(2). Consequently, the Court dismissed Plaintiffs' negligence claim under the FTCA.[4] Doc. 48 at 15.

Plaintiffs subsequently filed their motion for reconsideration. Doc. 50. They do not claim to have provided actual notice to the United States within the Rule 4(m) period through service or by mailing process to the USAO, its designee, or the Attorney General. *Id.* at 3. *See* Fed. R. Civ. P. 15(c)(2). Instead, they argue that service on the Kirtland Air Force Base's desk sergeant and/or the filing of their administrative claim was sufficient to put the United States on constructive notice of the suit, and that the United States therefore had knowledge of their litigation.[5] Doc. 50 at 3-6; Doc. 52 at 2-4. Plaintiffs' arguments are unavailing. The Court again finds that dismissal of the United States as a party is warranted. Doc. 48 at 15.

## DISCUSSION

The first question presented in this matter is whether "within the period [for service] provided by Rule 4(m)" the Government received notice of the litigation.[6] Fed. R. Civ. P.

---

[4] The Government also sought dismissal of the Minor Plaintiffs' loss of consortium claims. Doc. 32 at 11-13. The Court granted that request. Doc. 48 at 7. Plaintiffs do not request reconsideration of that ruling. *See* Doc. 50.

[5] As explained above, Plaintiffs never previously presented any argument regarding Rule 15(c)(1)(C). *See Pueblo of Jemez v. United States*, 63 F.4th 881, 897 (10th Cir. 2023) ("Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to . . . raise arguments or present evidence that could have been raised prior to the entry of judgment.'" (citation omitted)).

[6] New Mexico courts have taken a similar approach when considering the relation-back rule. *Romero v. Bachicha*, 2001-NMCA-048, ¶¶ 16-18, 130 N.M. 610, 615, 28 P.3d 1151 ("[N]otice under Rule 1-015(C) must be given within the time for service of process under Rule 1-004(F)."). *See also Hunt v. Hamm*, No. Civ. 15-960, 2016 U.S. Dist. LEXIS 191964, at *9-10 (D.N.M. May 31, 2016) (comparing the New Mexico rule regarding relation-back with its federal counterpart).

15(c)(1)(C). *See Whitehorn v. F.C.C.*, 235 F. Supp. 2d 1092, 1098 (D. Nev. 2002) (remarking that "[b]efore the United States may be substituted as a party under" Rule 15, it must receive notice). Plaintiffs argue in the affirmative. They assert that the United States had notice of their suit for purposes of Rule 15(c)(1)(C) and that the Court erred in finding otherwise. *See generally* Doc. 50.

To that end, Plaintiffs first claim the Court should have analyzed whether the United States had constructive notice of the suit when Plaintiffs attempted to serve the Air Force by leaving a copy of the Original Complaint and summons with a desk sergeant at Kirtland Air Force Base.[7] Doc. 52 at 2; *see* Doc. 50 at 3. That position is inconsistent with relevant case law. Courts have repeatedly held that the United States and its agencies are distinct parties under the FTCA, meaning a plaintiff must prove the United States itself received sufficient notice. *See Hughes v. United States*, 701 F.2d 56, 58 (7th Cir. 1982) ("Government agencies do not merge into a monolith; the United States is an altogether different party [under the FTCA.]"); *Afanador v. U.S. Postal Serv.*, 976 F.2d 724, 1992 U.S. App. LEXIS 30071, at *13 (1st Cir. 1992) (unpublished table decision) ("[A]ll circuit courts that have considered the relationship between the United States and its agencies for purposes of suit under the FTCA have found that the United States and its agencies are distinct parties."). Accordingly, an agency's "receipt of the complaint prior to the running of the [FTCA] statute of limitations is insufficient" to provide notice to the United States within the Rule 4(m) period. *Allen v. Veterans Admin.*, 749 F.2d 1386, 1389 (9th Cir. 1984); *see Castro v. U.S. Customs & Border Prot.*, No. 19-CV-02240, 2021 U.S. Dist. LEXIS 259250, at *16 (S.D. Cal. Mar. 30, 2021) (concluding service on a United States Customs and Border Protection employee was "not the equivalent of notice to the United States for purposes of establishing relation back");

---

[7] The Court is unable to determine whether service on the Air Force was effectuated in accordance with Federal Rule of Civil Procedure 4(i)(2).

*Wejbe v. United States*, No. 2:15-cv-5265, 2017 U.S. Dist. LEXIS 68375, at *4 (C.D. Cal. May 1, 2017) (concluding, in part, the USAO and Attorney General lacked notice, because "[n]otice to the agency cannot be imputed to the United States"); *Gluck v. U.S. Postal Serv.*, No. 86 C 6079, 1987 U.S. Dist. LEXIS 8925, at *7, *9 (N.D. Ill. Oct. 1, 1987) (refusing to attribute the Postal Service's notice to the United States because "the naming of one federal governmental entity is not the same for notice purposes as naming another" and granting dismissal because "the United States had no notice of the pending case" (quotation and citation omitted)); *cf. Johnson v. U.S. Post. Serv.*, 861 F.2d 1475, 1481-2 (10th Cir. 1988) (declining to impute the Postal Service's notice under the "identity-of-interest exception" because the plaintiff did not provide notice within the requisite period). Plaintiffs provide no sound basis to disregard this legal authority.[8]

Plaintiffs also argue that the United States received constructive notice of their FTCA action through the administrative claim process and therefore knew that it was the proper defendant in this suit. Doc. 50 at 5 ("When the government receives notice of an FTCA claim directed against an agency, it knows or should know that the United States is the proper defendant."). Again, Plaintiffs cite no pertinent case law in support of their contention, and the Court is not aware of any decisions adopting that proposition.[9] To the contrary, courts addressing the matter have ruled

---

[8] The 1991 amendment to Rule 15 permitted relation back where the proper but unnamed party receives notice within Rule 4(m)'s 120-day period to serve the summons. Plaintiffs argue this amendment renders *Johnson*, 861 F.2d at 1480, and *Allen*, 749 F.3d at 1389, inapplicable to their suit. Doc. 52 at 3-4. The Court concludes, "[n]otwithstanding the difference in the timing requirements, *Allen* [and *Johnson*] remain[ ] valid statement[s] of the law with respect to when notice may be imputed to the United States." *Cuco v. Fed. Med. Ctr.-Lexington*, No. 05-CV-232, 2006 U.S. Dist. LEXIS 49711, at *157 n.22 (E.D. Ky. June 9, 2006), *aff'd and remanded*, 257 F. App'x 897 (6th Cir. 2007).

[9] Plaintiffs point to *Esposito v. United States*, 368 F.3d 1271, 1278 (10th Cir. 2004), which concluded "the United States had actual notice of [the decedent's widow's] claim against it once she filed an administrative tort claim." Doc. 50 at 4-5. That case is distinguishable because it concerned the substitution of a plaintiff—not a defendant—within "a reasonable time" after the

7

that "[n]otice to the agency through the administrative claims procedure does not constitute notice to the United States." *Beeney v. U.S. Postal Serv.*, No. 89-55644, 919 F.2d 144, 1990 U.S. App. LEXIS 20643, at *5 (9th Cir. Nov. 27, 1990) (unpublished table decision); *see Nkansah v. United States*, No. 18 Civ. 10230, 2021 U.S. Dist. LEXIS 164287, at *26 (S.D.N.Y. Aug. 30, 2021) ("Nkansah provides no legal support—and the Court is aware of none—for his suggestion that his SF-95 [administrative claim] can somehow constitute a timely filed 'original pleading' to which the [amended complaint] can relate back."); *Scheimer v. Nat. Cap. Region, Nat. Park Serv.*, 737 F. Supp. 3, 5 (D.D.C. 1990) ("The fact that an earlier administrative proceeding occurred which allowed for final review in this Court is not enough to give the United States notice of plaintiff's claim in a timely fashion.").

Simply put, there is no dispute Plaintiffs failed to provide actual notice to the United States prior to September 7, 2021—i.e., the extended Rule 4(m) period.[10] Doc. 48 at 12; *see* Doc. 50 at 3 (Plaintiffs do not challenge the Court's prior conclusion that the United States did not receive actual notice before September 24, 2021). Plaintiffs mailed their Original Complaint to the USAO and Attorney General after that deadline lapsed. *See Mertens v. Shensky*, 355 F. App'x. 990, 991

---

commencement of the action under Federal Rule of Civil Procedure 17(a) rather than Rule 15(c). *See Esposito*, 369 F.3d at 1272.

[10] Timely delivery of the summons and complaint to the USAO is what separates this case from the authority on which Plaintiffs rely. Doc. 50 at 5. For example, in *Batchelder v. United States*, 902 F.2d 38, 1990 WL 54293, at *2 (9th Cir. 1990) (unpublished table decision), the plaintiffs' counsel had provided a copy of the pleading and summons to the USAO within the six-month statute of limitations period in line with that version of Rule 15(c)(2), as opposed to Rule 15(c)(1)(C). Likewise, in *Jackson v. Kotter*, 541 F.3d 688, 696-97 (7th Cir. 2008), the United States received actual notice because the Attorney General and the USAO received copies of the summonses that named the erroneous defendant within the statutory period. And *Allen*, which Plaintiffs criticize elsewhere in their briefing, Doc. 50 at 3-4, expressly held that the United States had not received notice of the litigation at issue in that matter because, inter alia, the plaintiffs had not mailed process to the USAO or Attorney General. *Allen*, 749 F.2d at 1389.

(9th Cir. 2009) (denying relation back under Rule 15(c)(2) because the plaintiff "failed to show that the United States received notice of the claim within the statutory period"). And, as explained above, neither service on a desk sergeant at Kirtland Air Force Base nor the administrative process constitutes constructive notice to the United States.[11]

Even assuming the United States was put on notice of this litigation for purposes of Rule 15(c), Plaintiffs must still establish that the Government "knew or should have known that the action would have been brought against it but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii). *See Cordero v. Froats*, No. CV 13-031, 2016 U.S. Dist. LEXIS 66882, at *25 (D.N.M. May 20, 2016) ("An amendment adding a new defendant would relate back only if all requirements of Rule 15(c)(1)(C) and Rule 15(c)(1)(B) are satisfied."). Plaintiffs contend that because the Government had notice of this case it should have known it was the proper defendant. Doc. 50 at 5-6. Specifically, they posit that "[w]here the [notice] prong is met in an FTCA claim that names an agency as the defendant, the [knowledge] prong will always be met as well." *Id.* at 6; *accord* Doc. 52 at 2-3 (without citing case law, Plaintiffs argue "numerous cases" conclude "the Government will or should always know that the United States is the proper defendant in a [FTCA] lawsuit"). But notice of suit is not a sufficient condition guaranteeing knowledge of litigation. *See, e.g.*, *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 545 (2010)

---

[11] Plaintiffs cite *Garvey v. Vaughn*, 993 F.2d 776, 783 n.17 (11th Cir. 1993), for the proposition that "service on a responsible government officer is sufficient to impute the necessary notice to the United States." Doc. 50 at 4. That case is not on point. In *Garvey*, an inmate provided a motion to amend his complaint to prison officials for mailing. 993 F.2d at 779. The proposed amendment included a FTCA claim. *Id.* Although the plaintiff timely provided his motion to the prison official, it was not received by the district court until after the FTCA statute of limitations had expired. *Id*. The Eleventh Circuit held that in cases involving pro se inmate claims, "the date of filing shall be that of delivery to prison officials of a complaint or other papers destined for district court for the purpose of ascertaining timeliness." *Id*. at 783. Neither the facts nor the holding in that case have relevance to this matter—particularly given Plaintiffs are not pro se inmates and have counsel.

9

(evaluating whether the added defendant had knowledge of the suit after the defendant did not challenge the district court's finding of constructive notice). And the Court has already concluded that the United States lacked both actual and constructive notice of this case. Doc. 48 at 11-12; *supra* Section I. So, even if the Court were to accept Plaintiffs' logical proposition, Plaintiffs' arguments would still be unpersuasive.

## CONCLUSION

The Court's decision can be summarized simply: the United States did not receive notice within the applicable Rule 4(m) period, and even if it had, the United States did not have knowledge of the litigation. For these reasons, Plaintiffs' Opposed Motion to Alter or Amend Judgment is denied. Doc. 50.

It is so ordered.

_____
UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA